**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (250548)
danielshay@tcpafdcpa.cm
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorney for Plaintiff*
Martin Trim

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARTIN TRIM,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BMW FINANCIAL SERVICES NA, LLC, d/b/a ALPHERA FINANCIAL SERVICES,**<br><br>Defendant. | Case No: **'19CV2081 BEN MDD**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND**<br>2. **THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. The United States Congress found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Further, the United States Congress has found abundant evidence that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

3. Similarly, the California legislature found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. The California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, *et seq.* ("CCCRAA") was enacted to

insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.[1]

4. Plaintiff Martin Trim ("Plaintiff"), through his attorneys, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies on behalf of himself and on behalf of all other similarly situated (the "Classes"), resulting from the illegal actions of BMW Financial Services NA, LLC d/b/a Alphera Financial Services ("Defendant"), in negligently or intentionally reporting erroneous negative and derogatory information on Plaintiff's credit report, as that term is defined by Cal. Civ. Code § 1785.3(c) and 15 U.S.C § 1681a(g), and failing to properly investigate disputes concerning the inaccurate data Defendant knew or should have known was erroneous and which caused the Plaintiff and the Class damages.

5. More specifically, Plaintiff brings this Complaint, by and through his attorneys, for damages arising out of the systematic issuance of erroneous credit reports by Defendant since Defendant has erroneously reported continual monthly payment obligations on accounts that have been paid in full and closed.

6. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

8. Unless otherwise stated, all the conduct engaged in by Defendant occurred in California.

---

[1] Cal Civ. Code § 1785.1

**CLASS ACTION COMPLAINT**　　　　　　　　　　　　　　　　　　　　　PAGE 3

9. Any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION & VENUE

11. This Court has federal question jurisdiction because this case arises out of violation of federal law: 15 U.S.C. § 1681 *et seq.*

12. This Court has supplemental jurisdiction over the CCCRAA, Cal. Civ. Code § 1785.1, *et seq.,* state claims pursuant to 28 U.S.C. § 1367.

13. Because Defendant is authorized to, and regularly does, conduct business within the State of California, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

15. Plaintiff is, and at all times relevant was, a natural person who resides in the County of San Diego, State of California. Plaintiff is also a "consumer," as that term is defined by Cal. Civ. Code § 1785.3(b) and 15 U.S.C. § 1681a(c).

16. Defendant is a Utah corporation whose primary corporate address is in Salt Lake City, State of Utah. Because Defendant is a partnership, corporation, association, or other entity, it is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j) and 15 U.S.C. § 1681a(b).

17. Defendant is a furnisher of consumer information as contemplated by FCRA sections 161s-2(a) & (b), which regularly and in the ordinary course of

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH, SUITE 101
SAN DIEGO, CA 92108

business furnishes information to one or more consumer reporting agencies ("CRAs"), about consumer transactions or experiences with any consumer.

18. The cause of action herein pertains to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d) and 15 U.S.C. § 1681a(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household, and employment purposes.

## FACTUAL ALLEGATIONS

19. Sometime in December 2010, Plaintiff incurred a debt (the "Debt") to Defendant with an account number beginning with 800011.
20. Sometime thereafter, but before April 2013, Plaintiff paid the account in full and the account was subsequently closed.
21. However, on or around February 27, 2019, when checking his Equifax credit report, Plaintiff was alarmed to discover Defendant continued to report a scheduled payment amount owed on the Debt.
22. Moreover, despite Plaintiff having paid the account in full and subsequently closing the account before April 2013, Defendant never updated the report, as required by law, regarding the monthly scheduled payment amount of $371. The inaccurate information remains on Plaintiff's report to this day. Because Plaintiff's account was paid in full and closed, Plaintiff's scheduled payment amounts should have been $0.
23. On or around June 6, 2019, Plaintiff through his attorney sent Equifax a written dispute pursuant to 15 U.S.C. § 1681i(a)(2) disputing Defendant's reporting of the inaccurate information.

24. On information and belief, Equifax timely notified Defendant of Plaintiff's dispute, but Defendant failed to correct the information and continues to furnish false information.
25. Defendant and Equifax were required to conduct a reasonable investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.
26. When Plaintiff received the results of his dispute from Equifax, dated June 26, 2019, he found Defendant had failed to correct the incorrect information as Defendant continues reporting a $371 scheduled payment amount owed on an account that was "paid and closed" with a $0 account balance.
27. Defendant continues to report an incorrect "status" of the Debt and also continues to report incorrect historical information regarding the Debt.
28. Plaintiff is informed and believes and here upon alleges that during an investigation of Plaintiff's dispute, Defendant discovered the correct status of the Debt, as reported to Equifax, but Defendant willfully refused to correct the incorrect information on Plaintiff's consumer credit report from Equifax in violation of 15 U.S.C. §§ 1681s-2(a)(1)(A), (a)(1)(B), and (a)(2), and Cal. Civ. Code § 1785.25(a).
29. Alternatively, on information and belief, Defendant failed to investigate the Equifax claim at all as required by 15 U.S.C. § 1681s-2(b)(1)(A).
30. Defendant, then, failed to review all the relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).
31. Due to this failure to investigate, Defendant failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E).
32. Nonetheless, Defendant violated its duty to report the discovery of inaccurate or incomplete information to Equifax as required by 15 U.S.C. § 1681s-2(b)(1)(D).

33. To potential lenders reading Plaintiff's Equifax credit report, it appears as though Plaintiff has an ongoing monthly obligation of $371. When making decisions on whether or not to extend credit, lenders consider such obligations and borrowers will be unable to obtain financing for necessary things such as vehicles and homes.
34. Defendant is a sophisticated lender that reported inaccurate scheduled payment amounts regarding the Debt thereby damaging Plaintiff's credit worthiness.
35. To report these continuing monthly scheduled payment amounts is patently incorrect and misleading.
36. By reporting inaccurate information to Equifax, Defendant has misrepresented the status of Plaintiff's financial obligations for a paid and closed account.
37. As a result of Defendant's improper and unauthorized conduct, Plaintiff has suffered damages due to Defendant's misrepresentations regarding Plaintiff's current payment obligations.
38. By reporting continuing monthly scheduled payment amounts, Defendant misrepresents Plaintiff's monthly financial obligations and gives the false impression that Plaintiff is a worse credit risk than he actually is.
39. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.
40. Plaintiff's right to be able to apply for credit based on accurate information has been violated, placing Plaintiff at increased risk of not being able to obtain valuable credit and adversely affecting Plaintiff's credit standing.
41. Plaintiff has also experienced emotional distress because after paying off the Debt, and closing the account, he still suffers the ill consequences and harassment of Defendant reporting a scheduled payment amount on his credit report.

### CLASS ACTION ALLEGATIONS

42. Plaintiff brings this lawsuit as a class action on behalf of himself and on behalf of all others similarly situated in the United States ("Class A").

43. Plaintiff represents, and is a member of Class A consisting of:

> All persons within the United States who disputed inaccurate information with Defendant or their agent/s and/or employee/s, furnished to Equifax, which was not properly investigated and/or corrected on their credit report within two years prior to the filing of this Complaint.

44. Plaintiff brings this lawsuit as a class action on behalf of himself and on behalf of all others similarly situated in the State of California ("Class B").

45. Plaintiff represents, and is a member of Class B consisting of:

> All persons within California whom Defendant or their agent/s and/or employee/s, furnished incorrect and inaccurate information to Equifax within two years prior to the filing of this Complaint.

46. Excluded from the Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge assigned to this case and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

47. Plaintiff reserves the right to redefine the classes as appropriate based on discovery and specific theories of liability.

48. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class A and Class B Members (together "Class Members"), and it expressly is not intended to request any recovery for personal injury claims related thereto. Plaintiff reserves the right to expand the Class A and Class B definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

49. <u>Numerosity</u>: The membership of the Classes are currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant failed to

correct and continued reporting incorrect and inaccurate information on Class A Members' Equifax credit reports after receiving a written dispute, and/or Defendant reported incorrect and inaccurate information on Class B Members' Equifax credit reports during the class period, and it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of Plaintiff's claims in a class action will provide substantial benefits to the parties and the Court. Class Members can be identified through Defendant's records or Defendant's agents' records.

50. Commonality: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

    - Class A: Whether, within one year prior to the filing of this Complaint, Defendant or its agents reported incorrect and/or inaccurate information on a Class Member's Equifax credit report after receiving a written dispute;
    - Class B: Whether, within one year prior to the filing of this Complaint, Defendant or its agents reported incorrect and/or inaccurate information on a Class Member's Equifax credit report;
    - Whether Defendant's conduct was knowing and/or willful;
    - Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and
    - Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

51. Typicality: As a person that had inaccurate and/or incorrect information reported on their Equifax credit report by Defendant after submitting a written dispute (Class A), and/or as a person in the State of California that had inaccurate and/or incorrect information reported on their Equifax credit report by Defendant (Class B), Plaintiff is asserting claims that are typical of the Classes. Plaintiff will fairly and adequately represent and protect the interests

of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

52. Plaintiff and the members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant illegally reported inaccurate or incorrect information on Class A Members' Equifax credit report after they filed a written dispute, and/or Defendant illegally reported inaccurate or incorrect information on Class B Members' Equifax credit report. Plaintiff and the Class Members were damaged thereby.

53. Plaintiff and the Class Members have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, Class Members will continue to face the potential or irreparable harm. In addition, these violations of law will be allowed to proceed without any remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class Members' claims, few, if any, Class Members could afford to seek legal redress for the wrongs complained of herein.

54. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions such as the Federal Credit Reporting Act and the California Consumer Credit Reporting Agencies Act. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorney's fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

55. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the

Classes. The elements of the legal claims brought by Plaintiff and Class Members are capable to prove at trial through evidence that is common to the Class Members rather than individual to its members.

56. <u>Superiority</u>: A class action is the superior method for the fair and efficient adjudication of this controversy because:

   a. Class-wide damages are essential to induce Defendant to comply with federal and state law.
   b. Given the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.
   c. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.
   d. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.
   e. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.
   f. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.

57. The Classes may also be certified because:

   - The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;
   - The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a

practical matter, be dispositive of the interests of other Class Members not parties to the adjudication, or substantially impair or impede their ability to protect their interests; and

- Defendant has acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681, *et seq.*

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

60. The FCRA allows for a private cause of action against a furnisher of credit information if, after receiving a notice of dispute, the furnisher continues to report inaccurate information to the CRAs.

61. Specifically, here, Defendant received notice of Plaintiff's dispute from the CRAs, investigated the dispute, and determined it had been inaccurately reporting the Debt.

62. Nonetheless, Defendant continued and continues to inaccurately report information about the Debt to at least one CRA.

63. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to statutory damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

64. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15

U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA CREDIT REPORTING AGENCIES ACT (CCCRAA)

### Cal. Civ. Code § 1785.1, *et seq.*

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

67. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

68. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

69. Defendant knew or should have known that Defendant was not able to report a past due balance and interest charges on a debt it had charged off and sold to a third-party debt collector and which had been subsequently settled by the borrower and the third party. Thus, Defendant violated Cal. Civ. Code § 1785.25(a).

70. Moreover, Defendant discovered and was made aware of its inaccurate reporting of the Debt during the dispute process and corrected this error to TransUnion.

71. However, Defendant continues to inaccurately report the Debt to Equifax. Consequently, Defendant further violated, and still is in violation of, Cal. Civ. Code § 1785.25(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

### FIRST CAUSE OF ACTION
### FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ.

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and § 1681n(a)(1);
- Statutory damages of $1,000.00 per violation per month of reporting, pursuant to 15 U.S.C. § 1681n(a)(1)(A);
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Injunctive relief to command Defendant to correct the information furnished on Plaintiff's credit reports and prohibit it from engaging in future violations;
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief the Court may deem just and proper including interest.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE CALIFORNIA CREDIT REPORTING AGENCIES ACT
### Cal. Civ. Code § 1785.1, *et seq.*

- An award of actual damages, in an amount to be determined at trial pursuant to Cal. Civ. Code §1785.31(a)(1) and/or (a)(2)(A), against Defendant;
- An Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1) and Cal. Civ. Code § 1785.31(d) against Defendant;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) for Plaintiff;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

72. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 31, 2019

**Kazerouni Law Group, APC**

By: *s/ Yana A. Hart*
Yana A. Hart, Esq.
Yana@kazlg.com
Attorneys for Plaintiff